UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**STEPHANIE RICHARDSON,**

Plaintiff,

v. **No. 4:25-cv-01294-P**

**RYDER INTEGRATED LOGISTICS INC.,**

Defendant.

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant Ryder Integrated Logistics Inc.'s Motion for Summary Judgment ("Motion"). ECF No. 44. Having considered the Motion, the evidence, and the applicable law, the Court will **GRANT** the Motion.

## BACKGROUND

This case arises from an unspecified employment dispute between Stephanie Richardson and Ryder Integrated Logistics Inc. ("Ryder"). Richardson began working as a supply chain associate for Ryder on July 6, 2021. ECF No. 13 at 2; ECF No. 46-1 at ¶ 4. During the onboarding process for her new role, Richardson engaged in the time-worn tradition of signing various employment documents provided by her new employer. ECF No. 46-1 at ¶ 5. These documents included, among other things, a conflict-of-interest policy and overtime agreement. ECF No. 46-2 at 2. But they did not include an arbitration agreement binding Richardson and Ryder to arbitration in the event of any dispute about Richardson's employment. ECF No. 46-1 at ¶ 5.[1]

[1] As noted below, Plaintiff failed to file any response to Defendant's Motion. That means the Court accepts the facts provided in Defendant's Motion and supported by evidence as undisputed. FED. R. CIV. P. 56(e)(2); *see Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988) (explaining that

Richardson believes that they did. So when things broke down between herself and Ryder in 2023, she filed a demand for arbitration with the American Arbitration Association. ECF No. 13 at 3. Ryder refused to participate in the proposed arbitration, presumably because it had never agreed to do so. ECF No. 46-1 at ¶¶ 5, 8, 10. And when Ryder refused to arbitrate, Richardson filed suit in state court. Richardson's suit alleged that Ryder had entered into a valid arbitration agreement that it was now refusing to honor. Ryder removed the case to this Court. ECF No. 1.

Richardson was initially represented by counsel in this case. But on May 15, 2026, Richardson's counsel moved to withdraw themselves from representation, which the Court granted. ECF No. 33. The Court's order required all notices and communications in the case to be sent directly to Richardson unless and until substitute counsel appeared on her behalf. Richardson has proceeded to represent herself *pro se* in this case, including filing a status report. *See* ECF Nos. 39.

Ryder filed its Motion for Summary Judgment on August 7, 2026. Ryder certified that it served a copy of the Motion on Richardson. ECF No. 44 at 3. In the ensuing time, Richardson has failed to file any response or opposition to Ryder's Motion. Since Richardson's deadline to file a response has passed, *see* N.D. TEX. L.R. 7.1(e), Ryder's Motion is ripe for review.

## LEGAL STANDARD

The Court must grant summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute is "genuine" if the evidence presented would allow a reasonable jury to return a verdict in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 242–43 (1986). The Court views the evidence presented in the light most favorable to the non-movant. *Cunningham v. Circle 8 Crane Servs., LLC*, 64 F.4th 597, 600 (5th Cir. 2023). But the Court only resolves factual controversies in favor of the non-movant when

---

when the non-movant fails to oppose a motion for summary judgment, district courts may accept facts provided in support of the motion as undisputed).

controversy exists—that is, "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

When the movant does not carry the burden of proof for a legal claim, they may obtain summary judgment by showing an absence of evidence on any essential element of the non-movant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The non-movant must then identify evidence in the record that creates a genuine dispute of material fact. If the non-movant fails to do so, the Court must grant the movant summary judgment for that claim. *Little*, 37 F.3d at 1076.

## ANALYSIS

Ryder moves for summary judgment on all four of Richardson's claims. The Court addresses each in turn.

### A. Ryder is entitled to summary judgment on Richardson's breach of contract claim.

Richardson's First Amended Complaint asserts a claim for breach of contract. ECF No. 13 at 3–5. Under Texas law, breach of contract requires a plaintiff to prove that (1) a valid contract existed between the parties; (2) the plaintiff performed their obligations under the contract; (3) the defendant breached the contract; and (4) the plaintiff suffered damages as a result of the breach. *Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019).

This claim fails on the first step. That's because the evidence presented clearly shows that no arbitration contract ever existed between Richardson and Ryder. When Richardson started working for Ryder, the company did not have an arbitration program for its workforce. ECF No. 46-1 at ¶ 6. Richardson's personnel file shows that she never signed an arbitration agreement. ECF No. 46-2 at 2–3. While Ryder did begin implementing an arbitration program for existing employees on August 14, 2023, that was six weeks after Richardson stopped working there. ECF No. 46-1 at ¶¶ 8–9.

For summary judgment, the Court views the evidence in the light most favorable to the non-movant. *Cunningham*, 64 F.4th at 600. But

there is no evidence in the record showing that an arbitration agreement exists. Absent any proof to the contrary, we do not assume that Richardson could have or would have proven the necessary facts to prevent summary judgment. *Little*, 37 F.3d at 1075.

No reasonable jury could find that an arbitration agreement existed between the parties. Legally speaking, failure to prove any element of a claim means the entire claim fails. *Pizza Hut, Inc. v. Papa John's Int'l, Inc.*, 227 F.3d 489, 495 (5th Cir. 2000). On pure common sense, too, a person cannot breach a contract that does not exist. Ryder is entitled to summary judgment on Richardson's breach of contract claim.

**B. Ryder is entitled to summary judgment on Richardson's promissory estoppel claim.**

In the alternative of her breach of contract claim, Richardson asserts a claim for promissory estoppel. ECF No. 13 at 5–6. For this claim, Texas law requires a plaintiff to prove that (1) a promise was made, (2) the person making the promise foresaw reliance upon it, and (3) the person receiving the promise substantially relied upon it to their own detriment. *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983).

A plaintiff may only assert a claim for promissory estoppel "in the absence of a valid and enforceable contract." *Nat. Polymer Int'l Corp. v. Hartz Mountain Corp.*, 426 F. Supp. 3d 300, 311 (E.D. Tex. 2019) (citation omitted). If Richardson and Ryder never entered into an arbitration contract, Richardson could only prove this claim by showing that Ryder made a promise to arbitrate their disputes.

But the record simply contains no evidence that Ryder ever made such a promise. The only evidence presented shows that Richardson was never subject to an arbitration policy or program during her employment. ECF No. 46-1 at ¶¶ 6, 8–9; ECF No. 46-2 at 2–3. Richardson has offered no evidence of Ryder making any promise to arbitrate their disputes, whether express or implied. Richardson's Complaint may allege that Ryder did, *see* ECF No. 13 at 5, but unsupported allegations in a complaint do not create a genuine issue of material fact. *Freeman v. Texas Dep't of Crim. Just.*, 369 F.3d 854, 860 (5th Cir. 2004).

No reasonable jury could find that Ryder made a promise to arbitrate with Richardson. Accordingly, Ryder is entitled to summary judgment on this claim.

**C. Ryder is entitled to summary judgment on Richardson's negligence claim.**

Richardson also asserts a negligence claim. ECF No. 13 at 6. That claim requires Richardson to prove (1) the existence of a legal duty; (2) a breach of that duty; and (3) damages proximately caused by the breach. *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002). The legal duty may not be one that arises solely under a contract. If it is, the plaintiff's claim sounds only in breach of contract, and they may not assert an additional claim for negligence. *Coachmen Indus., Inc. v. Willis of Illinois, Inc.*, 565 F. Supp. 2d 755, 772 (S.D. Tex. 2008) (citing *OXY USA, Inc. v. Cook*, 127 S.W.3d 16, 20 (Tex. App.—Tyler 2003, pet. denied)).

Richardson's First Amended Complaint frames Ryder's alleged legal duty as a "duty to exercise reasonable care in providing arbitration service" pursuant to the contract they supposedly entered. ECF No. 13 at 6. That means Richardson's claim fails as a matter of law unless the evidence shows the existence of a duty to arbitrate independent from the alleged contract. *Coachmen Indus.*, 565 F. Supp. 2d at 772 (citation omitted). Richardson has offered no evidence that Ryder had a legal duty to arbitrate their disputes separate from a contract that does not exist.

As a result, the evidence fails to support an essential element of Richardson's claim, and she has failed to create a genuine dispute of material fact. *Celotex Corp.*, 477 U.S. at 325. Ryder is entitled to summary judgment on Richardson's negligence claim.

**D. Ryder is entitled to summary judgment on Richardson's negligent misrepresentation claim.**

Richardson's final claim is for negligent misrepresentation. ECF No. 13 at 6–7. Texas law requires Richardson to show that (1) the defendant made a representation in the course of its business; (2) the defendant supplied false information; (3) the defendant did not exercise reasonable care in communicating that information; and (4) the plaintiff suffered

pecuniary loss by justifiably relying on the representation. *Gen. Elec. Cap. Corp. v. Posey*, 415 F.3d 391, 395–96 (5th Cir. 2005).

Richardson's Complaint alleges that Ryder represented to her that arbitration would be available. ECF No. 13 at 6–7. To beat a dead horse, however, the record contains no evidence that Ryder ever made such a representation. Ryder has produced clear evidence showing that Richardson was never subject to an arbitration program and never signed anything resembling an arbitration agreement. ECF No. 46-1 at ¶¶ 6, 8–9; ECF No. 46-2 at 2–3. Richardson has not produced any evidence contradicting this point.

Like each of the other claims, then, Ryder is entitled to summary judgment here. No reasonable jury could find that Ryder made representations to Richardson that it would submit to arbitration in the event of an employment dispute.

## CONCLUSION

For the foregoing reasons, the Court concludes that Defendant's Motion should be and hereby is **GRANTED.** Plaintiff's claims in this case are **DISMISSED with prejudice.**

**SO ORDERED** on this **24th day** of **September 2026.**

Mark T. Pittman

Mark T. Pittman
UNITED STATES DISTRICT JUDGE